# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RYAN RANSOM, on behalf of himself and others similarly situated,

    Plaintiff,

v.

BURROWS PAPER CORPORATION,

    Defendant.

Case No. 2:20-cv-3824

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Ryan Ransom ("Representative Plaintiff") commenced the instant litigation against Burrows Paper Corporation ("Defendant") for alleged unpaid overtime wages and other relief under the Fair Labor Standards Act ("FLSA") and analogous state laws. ECF Nos. 1, 12. Representative Plaintiff alleges that Defendant violated the FLSA by failing to properly pay Representative Plaintiff and other similarly-situated Production Associates overtime for the following work: (1) pre-shift donning of personal protective equipment performed off-the-clock prior to clocking in; (2) pre-shift preparatory job duties, including start up meetings, performed after clocking in; (3) rounding practices that have a net effect of undercompensating them for the hour worked; and (4) post-shift doffing of personal protective equipment. *Id*. Defendant denies these allegations and asserts that it properly paid its Production Associates, including Representative Plaintiff, for all

hours worked. In addition to Representative Plaintiff, there are sixty-nine Class Members who will receive individual payments (collectively with Representative Plaintiff, "Plaintiffs"). ECF No. 42. Representative Plaintiff and Defendant had lengthy and extensive settlement negotiations and have settled Plaintiffs' claims and move for approval of their settlement agreement. *Id.*

"As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Servs., LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982)). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mech., Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the

settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

After a careful review of the proposed settlement agreement, the Court finds that the settlement agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the parties.

There is a bona fide dispute in this case; the parties dispute whether Production Associates were paid the appropriate overtime wages, whether a two- or three-year statute of limitations applies, and whether Plaintiffs would be entitled to liquidated damages should they prevail. There is no indication that the settlement was reached by anything other than arms' length negotiations between counsel over the course of several months. The settlement will avoid expensive litigation for both sides, including formal discovery, dispositive motions, trial, and possible appeals.

Although the parties did not engage in formal discovery, Defendant provided Plaintiffs' counsel with payroll data, and settlement was reached only after both parties evaluated that data.

Although the parties dispute both the existence and amount of unpaid overtime, Plaintiffs' counsel represents that, based upon Representative Plaintiff's calculations, individual settlement payments reflect the value of thirty (30) minutes

of allegedly unpaid work per day during the applicable Calculation Period. In other words, even after deducting attorneys' fees, costs, and Representative Plaintiff's service award, Plaintiffs will receive more than 100% of their total alleged unpaid overtime. Mot. 5, ECF No. 42. Moreover, Representative Plaintiff will receive a $5,000 service award in addition to his individual payment.

Both these payments are reasonable. *See Shane Grp. Inc. v. Blue Cross Blue Shield of Mi.*, 833 F. App'x 430, 431 (6th Cir. 2021) (noting that 32% of alleged damages was a "substantial recovery"); *Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at **3–9 (N.D. Ohio Sept. 13, 2021) (describing recovery of 42% of the alleged overtime damages as an "excellent result" in the final approval Order because it was "substantial relief"); *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003) (observing that "[n]umerous courts" have found that service awards are "efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class").

Moreover, the settlement awards attorneys' fees in the amount of $43,241.92, which is one-third of the total settlement amount. That is a reasonable, typical percentage of the fund for attorneys' fees. *See Croskey v. Hogan Services, Inc.*, No. 2:20-cv-3062, 2021 WL 3012278, at *2 (S.D. Ohio July 15, 2021) (finding attorneys' fees in the amount of one-third of the total settlement amount are reasonable) (citing *Hebert v. Chesapeake Operating, Inc.*, No. 2:17-CV-852, 2019 WL 4574509, at *8 (S.D. Ohio Sept. 20, 2019) ("33% is typical for

attorney's fees in common fund, FLSA collective actions in this District.")); *Bailey v. Black Tie Mgmt. Co., LLC*, No. 2:19-cv-1677, 2020 WL 4673163, at *5 (S.D. Ohio Aug. 12, 2020); *Perkins v. Evolved, Inc.*, No. 2:16-cv-724, 2017 WL 2987220, at *1 (S.D. Ohio June 13, 2017); *Campbell v. Wise Medical Staffing, Inc.*, No. 2:18-cv-493, 2020 WL 9259704, at *2 (S.D. Ohio Feb. 21, 2020). It is also reasonable for Plaintiffs' counsel to be compensated for their out-of-pocket costs as outlined in the declaration submitted with the Motion, and the settlement compensates Plaintiffs' attorneys for only half of the cost of sending notice and administering the settlement; Defendant is paying the other half of those costs in addition to the settlement amount.

The parties' joint motion, ECF No. 42, is **APPROVED**, and Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court retains jurisdiction over the action to enforce the terms of the Settlement, including the administration of the settlement, the addition of Eligible Settlement Participants, and the distribution process.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**